

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Davis
State Registrar
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-5665
Re: Is the Bureau of Vital Statistics, the State Health Department or the State Board of Health, authorized to enter into a contract with the United States Bureau of the Census, for the furnishing to it of transcripts of certificates of birth, death, etc.? And other questions.

You have submitted the following request for an opinion of this department:

"The United States Bureau of the Census desires to contract with an agency of the State of Texas, if possible, otherwise with a private contractor, for the furnishing to it of transcripts of certificates of birth, death, etc., recorded in the Bureau of Vital Statistics of the State of Texas. A copy of the proposed contract is enclosed with this letter.

"Please advise me:

"(1) Whether either the Bureau of Vital Statistics, the State Health Department or the State Board of Health, acting through the state officer in charge, is authorized to enter into this contract?

"(2) If none of the above named state agencies may lawfully enter into such contract, whether the officer in charge of any such agency is prevented, by reason of such

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

office, from lawfully entering into such contract, not in his official capacity, but as an individual?

"(3) In the event the Bureau of the Census enters into the proposed contract with an individual having no official connection with the Bureau of Vital Statistics, am I as Registrar, permitted by law to allow such individual, or his agents, to examine and transcribe such records?

"If question (1) is answered in the negative and question (2) in the affirmative, should the money paid for the transcripts be handled through the state treasury?

"Your attention is called to the provisions of Rule 54a of Article 4477, V.T.S. and Paragraph 25 of Rule 47a of the same article."

Rule 54a of Article 4477, Vernon's Revised Civil Statutes, provides for the issuance of certified copies of birth and death certificates by the State Registrar upon the payment of a fee of fifty cents for each such copy, and fixes fees for any search of the records of the Bureau of Vital Statistics when no certified copy is furnished, but makes the following specific provisions to permit the United States Census Bureau to obtain copies of such records:

". . .; and provided further, that the United States Census Bureau may obtain, without expense to the State, transcripts or certified copies of births and deaths without payment of the fees herein prescribed; and provided further, that the State Registrar is hereby authorized to enter into an agreement with the United States Bureau of the Census to act as special agent for that Bureau in accepting the use of the franking privilege and blanks furnished by that Bureau and is authorized to act as disbursing agent in order to have transcribed for that Bureau copies of the birth and death certificates filed with the State Bureau of Vital Statistics; . . ."

The Bureau of Vital Statistics, the State Health Department and the State Board of Health are all agencies of the State of Texas, and the persons in charge thereof are all officers of the State. "The State is not bound by contracts made in its behalf by its officers or agents without previous authority conferred by law. . . ." 38 Texas Jurisprudence 840; State vs. Perlstein (Ct. of Civ. App.) 79 S. W. (2d) 143. We find no provision of law authorizing any of said agencies, or the officers in charge thereof, to enter into any such contract as the one here considered.

In answer to your first question, therefore, it is our opinion that none of said State agencies may lawfully enter into the proposed contract.

Article 4418a, Vernon's Civil Statutes, prescribes the duties of the State Board of Health; Articles 4418d prescribes the duties of the State Health Officer, who is executive head of the State Health Department; and Article 4477 (Rule 35a, et seq.) sets out the various duties of the Registrar of the Bureau of Vital Statistics. One of the requirements of Article 4418b, which prescribes the qualifications of the State Health Officer, is that he shall devote his entire time to the duties of that office. We find no such statutory restriction upon either the Registrar of the Bureau of Vital Statistics or any member of the State Health Board.

It is therefore our opinion (in answer to your second question) that neither the Registrar of the Bureau of Vital Statistics, nor any member of the State Health Board is prohibited by the laws of Texas from entering into the proposed contract in his individual capacity, aside from his official position, but that the State Health Officer may not lawfully do so.

Answering your third question, we are of the opinion that, under the provisions of Rule 54a of Article 4477, quoted above, and the legislative intent expressed therein, you, as Registrar, are permitted to allow the contractor under the proposed contract, and his agents, to examine and transcribe such records for the purpose of furnishing copies thereof to the Bureau of the Census, so long as such action results in no expense to the State, and no substantial interference with the work of the Bureau of Vital Statistics. An exception to this

general rule however, is found in Paragraph 25 of Rule 47a of Article 4477, which provides:

> ". . . Neither the State Registrar nor any local registrar shall issue a certified copy of any birth or death certificate wherein a child or an adult is stated to be illegitimate, unless such certified copy is ordered by a Court of competent jurisdiction."

Answering your last question: Since, as we have said, none of the state officers involved may execute the proposed contract in his official capacity, and since the proposed contract appears to contemplate payment for the copies to be made direct to the contractor, the money so paid should not be paid through the State Treasury. And even if the parties desire that you, in your official capacity as State Registrar, act as disbursing agent (as is authorized by the provisions of Rule 54a quoted above), there is no requirement that such money be handled through the State Treasury.

Yours very truly

APPROVED NOV 12, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By    /s/

W. R. Allen
Assistant

WRA:db:gm


THIS OPINION CONSIDERED AND
APPROVED IN LIMITED CONFERENCE